UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TOBIN SMITH and<br>NBT GROUP, INC. (FORMERLY CHANGEWAVE, INC. DBA NBT COMMUNICATIONS),<br><br>Defendants. | Case No.: 1:16-cv-00587-TFH |

### ORDER OF CIVIL CONTEMPT
### AGAINST DEFENDANTS TOBIN SMITH AND NBT GROUP, INC.

This matter has come before the Court upon the Motion for Contempt filed by plaintiff Securities and Exchange Commission ("SEC") against Defendants Tobin Smith ("Smith") and NBT Group, Inc. ("NBT") (collectively "Defendants"). The Court on June 12, 2017, issued an Order to Show Cause, and the Defendants were served with the Order and given an opportunity to respond. Defendants filed no response. The Court held a show cause hearing on August 3, 2017. Defendants failed to appear. Having considered the SEC's motion, attached evidence, the argument in this matter, and for the reasons articulated from the bench on August 3, 2017, the Court concludes that the motion should be granted.

Accordingly, **IT IS HEREBY ORDERED THAT**

1. Defendants Smith and NBT are in civil contempt for disobeying the Final Judgment as to Defendants Tobin Smith and NBT Group, Inc. (Formerly Changewave, Inc. DBA NBT Communications) ("Final Judgment") (Dkt. No. 5), by violating the terms of the permanent injunction against violations of the federal antitouting and antifraud provisions of the federal

securities laws and the bar against participation in any penny stock offering (Final Judgment Sections I, II and III), and by failing to pay the ordered disgorgement and prejudgment interest (Final Judgment Section IV);

2. Within ten days of the date of this Order, Defendants shall prepare, file with this Court, and serve by email on the SEC's counsel of record in this action, an accounting of all funds received from Rackwise, Inc. ("Rackwise") after the entry of the Final Judgment on April 21, 2016 (the "Rackwise Compensation"). Defendants shall produce to the SEC, with their accounting, all documents evidencing payments of the Rackwise Compensation received by Defendants and their agents or other persons on their behalf.

3. Defendants are jointly and severally liable for disgorgement of the full amount of the Rackwise Compensation. Defendants shall satisfy this obligation by paying the full amount of the Rackwise Compensation to Rackwise, within ten days of the date of this Order. Defendants may pay by certified check, bank cashier's check, or United States postal money order payable to Rackwise, Inc., which shall be delivered to Rackwise Inc., 1610 Wynkoop Street, Suite 400, Denver, Colorado, 80202, USA, and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Smith and NBT as Defendants in this action; and specifying that payment is made pursuant to this Order. Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action by email.

4. Defendants shall fully comply with payment of the delinquent $182,793.69 in disgorgement and prejudgment interest ordered in Dkt. No. 5 (Final Judgment Section IV) (the "Delinquent Judgment Amount"), within ten days of the date of this Order.

5. If Defendants do not comply with the requirements of paragraphs 2 through 4 above within 10 days of this Order:

   a. Defendants shall pay a joint and several fine of $1,000 per day until such time as the contempt is purged or until further order of the Court; and

   b. A warrant shall be issued for the arrest of Tobin Smith by reason of his contempt. He shall remain confined until such time as the contempt is purged or until further order of the Court.

   c. Defendants' contempt shall be purged upon compliance with paragraphs 2 to 3 above, provided that Defendants simultaneously make a substantial payment of no less than $20,000 in satisfaction of the Delinquent Judgment Amount, and agree to pay the balance of the Delinquent Judgment Amount in regular installments over the course of no more than one year from the date of this Order.

6. This Court shall retain jurisdiction over this case for the purpose of implementing and carrying out the terms of all orders and decrees that may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

7. The Court further orders that the SEC may conduct post-judgment discovery as needed to verify Defendants' compliance with the terms of this Order.

IT IS SO ORDERED.

DATED: 8 August 2017

HONORABLE THOMAS F. HOGAN
UNITED STATES DISTRICT JUDGE